THE WALTER FRANKS. THE MARY W. POTTER. POTTER TRANSP. CO. v. FRANKS et al.

(Circuit Court of Appeals, Second Circuit. April 21, 1924.)

No. 324.

Collision ⊚⟲83—Tug moving at unlawful speed in fog held not exonerated from liability for collision with anchored barge, though the barge was also in fault.

    A tug, which came into collision with a barge anchored on anchorage grounds in a fog, while moving at a speed which rendered it impossible to stop within the distance another vessel could be seen, *held* not exonerated from liability because the barge was also in fault for not ringing a lawful bell.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the Potter Transportation Company against the steam tug Walter Franks, Walter E. Franks, claimant, and the steam tug Mary W. Potter, C. H. Chadwick & Co., claimant. From a decree dismissing the libel (299 Fed. 316), libelant appeals. Modified, by awarding libelant half damages against the Franks.

Bigham, Englar & Jones, of New York City (L. J. Matteson, of New York City, and C. W. Hagen, of East Orange, N. J., of counsel), for appellant.

Park, Mattison & Lynch, of New York City (Anthony V. Lynch, Jr., of New York City, of counsel), for the Walter Franks.

Duncan & Mount, of New York City (Warner Pyne and Dudley C. Smith, both of New York City, of counsel), for the Mary W. Potter.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Libelant's barge was anchored wherever the Potter put her, and we agree with the court below that the chosen anchorage was proper, and the Potter therefore without fault.

The only question remaining is whether the Franks, moving across anchorage ground in a fog of remarkable density, and at the rate of

3 miles an hour, was at fault for collision with libelant's anchored barge, when that barge was not ringing her bell in the manner prescribed by the Inland Rules.

For the barge it is urged that her failure to ring bells according to rule did not contribute to collision; but the rule of law is that a vessel infringing a positive regulation must affirmatively show that such violation did not contribute. The Pennsylvania, 19 Wall. 125, 22 L. Ed. 148.

Thus far we agree with the court below, but think it was inadvertently further held that the Franks, although going at a rate of speed which rendered it impossible for her to stop within the distance objects could be seen, was not liable because the anchored barge was not ringing a lawful bell. The contrary was held in The Raleigh (C. C.) 44 Fed. 781, The Etruria, 147 Fed. 216, 77 C. C. A. 442, and The Haven (C. C. A.) 277 Fed. 957.

Decree modified, to award libelant half damages; costs of this court to libelant, and costs here to the Potter also.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes